IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY POPSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 10-cv-77E |
| ) | |
| DAVID R. GALLOWAY, individually ) | |
| and on behalf of, ) | |
| FULTON, FRIEDMAN, and ) | |
| GULLACE, LLP, ) | |
| ) | |
| Defendant ) | |
| ) | |

## OPINION

Pending before this Court is the "Motion of Defendants David R. Galloway and Fulton, Friedman, and Gullace, LLP. to Dismiss" pursuant to Fed.R.Civ.P. 12(b)(6) the Complaint filed against them by Plaintiff Anthony Popson [Doc. #4]. Plaintiff filed this Complaint on April 1, 2010, alleging that Defendants violated several provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. In sum, he alleges that Defendants Galloway and Fulton, Friedman, and Gullace, LLP. sought to collect a debt from him without any knowledge or documentation in support, as required by Pennsylvania law, and thus violated the FDCPA. For the reasons set forth below, the Defendants' Motion to Dismiss is granted, and the Complaint filed against them is dismissed. Said dismissal, however, is without prejudice to Plaintiff to file an Amended Complaint within the time frame stated in the Order accompanying this Opinion.

I.  **Factual Allegations**

In his Complaint, Plaintiff alleges the following. On or about September 14, 2009, Defendant Galloway, an attorney then employed by Mann Bracken, LLP., filed a complaint in the Elk County Court of Common Pleas on behalf of Midland Funding, LLC., seeking judgment against Plaintiff for an alleged debt owed by Plaintiff to Midland Funding in the amount of $14,702.49. Complaint, ¶ 13. Galloway attached to the state court complaint an unsigned, unverified computer printout that established the amount of the alleged debt. Id. at ¶16. He did not attach a copy of the credit card agreement, or any other documentation detailing the purchases, payments, interest and late charges, if any. Id. at ¶¶ 14-16. Defendant Galloway also failed to obtain and/or review the documentation substantiating the debt buyer's right to judgment prior to filing the Complaint. Id. at ¶ 17. On or about October 1, 2009, Plaintiff, then acting pro se, filed a response to the complaint, disputing the claimed charges and requesting copies of the original credit card application, evidence of charges, and accounting of all payments and charges. Id. at ¶ 18. Defendant Galloway did not respond to the letter nor validate the debt. Id. at ¶ 19. He also failed to provide Plaintiff with any documentation substantiating the debt. Id. Notwithstanding the fact that Defendant Galloway did not have any documentation, supporting the debt buyer's right to judgement, he went forward with the state court case against Plaintiff. Id. at ¶ 20.

On or about March 19, 2010, Defendant Galloway, now employed by Defendant Fulton, Friedman, and Gullace, LLP., entered an appearance on behalf of Midland Funding in order to file a Praecipe to Discontinue the case against Plaintiff without prejudice. Id. at ¶¶ 22 and 24. In the letter accompanying the Praecipe to Discontinue, Galloway identified himself as a debt collector and that this was an attempt to collect a debt. Id. at ¶ 23.

As of the date of the filing of the instant lawsuit on April 1, 2010, Defendant Galloway still had not furnished documentation substantiating the debt allegedly owed by Plaintiff. Id. at ¶ 21.

## II. Standard of Review

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). As explained by the Third Circuit Court in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009):

> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211. See also Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Twombly, 127 S.Ct. at 1965 (factual allegations of a complaint "must be enough to raise a right to relief above the speculative level."). "This [standard] 'does not impose a probability requirement at the pleading

stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1965 (citations omitted).

In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider the allegations in the complaint, matters of public record, and documents that form the basis of a claim. Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004). In this case, Defendants attached ten exhibits to their Brief in Support Of Motion To Dismiss: eight court filings from the underlying state court case and two affidavits. The eight court filings are public records and therefore, can be, and have been, considered by this Court in deciding Defendants' Motion to Dismiss. The two affidavits go beyond the scope of the complaint and therefore, the Court has not taken these documents into consideration in deciding the merits of the Defendants' Rule12(b)(6) Motion to Dismiss.

### III. Legal Analysis

#### A. FDCPA and Relevant Provisions

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. In his Complaint, Plaintiff alleges that, in attempting to collect a debt from him, the defendants violated three provisions of

4

the FDCPA: (1) 15 U.S.C. § 1692d, which prohibits any conduct, the natural result of which is to harass, oppress, or abuse; (2) 15 U.S.C. § 1692e, which prohibits false, deceptive, or misleading representations; and (3) 15 U.S.C. § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

Alleged violations of the FDCPA are to be examined from the perspective of the "least sophisticated consumer." Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006) (citation omitted). This standard requires "more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Id. at 453-54 (citation omitted).

**B.     "Debt Collectors"**

Initially, for the Defendants to be liable under the FDCPA, they must fall within the definition of a "debt collector." A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendants contend that the fact that they are "debt collectors" in other instances does not make them "debt collectors" in this case. Defendants' Brief in Support of Motion to Dismiss, p. 5.

The Supreme Court has held that law firms and lawyers may qualify as "debt collectors" if they regularly engage in consumer debt-collection, even if their actions only involve litigation related activities. Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489 (1995). In Heintz, the Court noted that a previous version of the FDCPA included an express exemption for lawyers that was

5

later repealed without creating a narrower, litigation-related exemption, making clear Congress's intent that, "lawyers be subject to the Act whenever they meet the general 'debt-collector' definition." Id. at 294. Other courts have found individual attorneys and employees with varying levels of direct and indirect action to be "debt collectors" liable for violations of the FDCPA. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000) (finding a general partner who exercised control over a limited partnership to be liable for the acts of the partnership under the FDCPA); Evans v. Midland Funding LLC., 574 F. Supp. 2d 808, 818-19 (S.D. Ohio 2008) (finding three attorneys employed by a law firm could be liable as a matter of law based on the plaintiff's allegation that they had signed a previous state court complaint); Teng v. Metropolitan Retail Recovery, Inc., 851 F. Supp. 61, 67 (E.D. N.Y. 1994) (finding individual employees were "debt collectors" who were each affirmative actors and tortfeasors liable under the FDCPA when they had signed letters or authorized others to sign letters allegedly in violation of the act).

This categorization of "debt collector" takes into account an attorney or law firm's involvement with a particular case, but also the role debt collection plays in the defendant actor's general practice. Additional factors a court should consider in determining whether an attorney or law firm is a "debt collector" include: (1) the volume of the actor's collection activities; (2) the frequent use of a particular debt collection document or letter; (3) whether there exists a steady relationship between the actor and a particular client creditor; (4) what portion of the actor's overall caseload is related to collection actions; and (5) what percentage of revenues derive from debt collection activities. Evans, 574 F. Supp. 2d at 818.

Defendant Galloway argues that under Pennsylvania law only the signer of a complaint is the attorney of record responsible for its contents, and since he did not sign any of the filings in the underlying state court action he cannot be responsible under the FDCPA. Defendants' Reply Brief in Support of Defendants' Motion to Dismiss ("Defendants' Reply Brief"), pp.1-3. However, since various direct and indirect acts have qualified individuals as "debt collectors" liable under the FDCPA, the determination of whether either Defendant is a "debt collector" goes beyond identifying the attorney of record and requires discovery into facts regarding the nature of each defendant's legal practice outside the scope of a Rule 12(b)(6) Motion.

Plaintiff alleges Defendant Galloway filed the state court complaint against him seeking judgment for an alleged debt owed by Plaintiff. Complaint, ¶ 13. Additionally, while Defendant Galloway did not sign the state court complaint, his name appears beneath the "counsel of record" signature line on the complaint along with a number of other Mann Bracken attorneys. Exhibit 1 to Defendants' Reply Brief. Plaintiff further alleges that Defendant Galloway, once employed by Defendant Fulton Friedman & Gullace, entered his appearance on behalf of Midland Funding in the state court lawsuit, and filed a Praecipe to Discontinue the state court action. Id. at ¶ 22. On the filed "Entry of Appearance" document, Defendants describe themselves as "Attorneys in the Practice of Debt Collection" and at the bottom of Defendant Galloway's letter to the Elk County Prothonotary enclosing the Praecipe to Discontinue, on Fulton Friedman & Gullace letterhead, it is stated: "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." See Exhibit C to Plaintiff's Complaint. Taking all of this into

consideration, we find that Plaintiff has sufficiently alleged that both defendants are "debt collectors."

### C. Plaintiff's FDCPA claim against David Galloway

As stated above, Plaintiff's contention that Defendant Galloway violated 15 U.S.C. §§ 1692d, 1692e, and 1692f stems from Defendant Galloway's filing a debt collection law suit against Plaintiff on behalf of Midland Funding in the Elk County Court of Common Pleas. Id. at ¶¶ 13-25. Specifically, Plaintiff alleges that prior to the filing of the civil complaint, Galloway failed to obtain and/or review the documentation substantiating the claim and proceeded with the suit without documentation detailing the purchases, payments, interest, and late charges, making it impossible for Plaintiff to determine whether or not he owed the alleged debt and if it was correctly calculated, conduct which violated Pennsylvania Rule of Civil Procedure section 1019(i) and ultimately, the FDCPA. Id. at ¶¶ 15 and 17. Pa.R.Civ.P. 1019(i) states that in a credit collection action, a creditor must "attach the writings which assuredly establish [the creditor's] right to judgment."

*1. Plaintiff's Claim against Defendant Galloway for Harassment under § 1692d*

Plaintiff contends that the above-described conduct by Defendant Galloway violated 15 U.S.C. § 1692d. Id. at ¶ 29. This provision of the FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The provision enumerates nonexclusive examples of the type of conduct prohibited including the use or threat of violence, the use of obscene or profane language, the publication of a list of consumers who allegedly refuse to pay debts, the advertisement for sale of any debt to coerce payment, the causing of a telephone to ring

continuously, or the placement of telephone calls without a meaningful disclosure of the caller's identity. Id.

In Harvey v. Great Seneca Financial Corp., 453 F.3d 324 (6th Cir. 2006), the Sixth Circuit Court addressed similar allegations; the plaintiff consumer brought suit against the defendant debt collector and its law firm for filing a state-court collection action with "no documentation" to prove the debt owed. The court recognized that the question of whether a defendant's actions constitute harassment will ordinarily be submitted to a jury, but that as a matter of law:

> Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Any* attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system in the way alleged by [plaintiff] cannot be said to be an abusive tactic under the FDCPA.

Id. at 330-31. The Harvey court also noted that while the examples provided in § 1692d are nonexhaustive, they concern tactics intended to, "embarrass, upset, or frighten a debtor," and that these tactics, "are not comparable to the single filing of a debt-collection lawsuit." Id. at 330. Key to the Harvey court's analysis was its interpretation of the plaintiff's complaint as alleging only that the debt collector and firm brought the original state court action without the immediate means to prove the debts owed, not that they were incapable of proving the existence of the debt. Id. at 328.

The allegations in Harvey are nearly identical to those in this case. In both cases, the complaint alleged that the defendant debt collector filed an action in state court without the proper documentation to support the claim, the natural consequence of which was to harass, oppress, or abuse the plaintiff. Neither plaintiff argued that the suits were baseless or that the

9

defendants could not prove the existence of the debt. Neither alleged any activities by the defendants that were of the nature of the examples provided in § 1692d. We agree with the reasoning of the Sixth Circuit that in order to violate 15 U.S.C. § 1692d there must be an act that would "embarrass, upset, or frighten a debtor."

We find that Plaintiff's allegations that Defendant Galloway: (1) failed to obtain and/or review the documentation substantiating the debt collection claim against Plaintiff prior to filing suit and (2) proceeded with the suit without documentation detailing the purchases, payments, interest, and late charges, making it impossible for Plaintiff to determine whether or not he owed the alleged debt and if it was correctly calculated, do not state a claim upon which relief can be granted pursuant to 15 U.S.C. § 1692d. Even viewed from the perspective of the "least sophisticated consumer," the natural consequence of said conduct is not to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant's Motion to Dismiss Plaintiff's Complaint, to the extent it alleges a claim against Defendant Galloway pursuant to 15 U.S.C. § 1692d claim, is granted.

*2. Plaintiff's Claim against Defendant Galloway for False Representations and Deceptive Means under 15 U.S.C. § 1692e*

Plaintiff also contends that Defendant Galloway's conduct violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of a debt, and includes a list of conduct that constitutes a violation of § 1692e. More specifically, Plaintiff contends that Defendant Galloway's alleged conduct violates: (1) § 1692e(2), which states that "[t]he false representation of... the character, amount, or legal status of a debt" is a violation of § 1692e; and (2) § 1692e(10), which states that "[t]he

use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of § 1692e. Id.

With respect to alleging a § 1692e(10) violation, in Harvey, the court recognized means that have been considered deceptive in violation of § 1692e(10) including: impersonation of a public official, falsely representing that unpaid debts will be referred to an attorney, and misrepresentations of the amount of debt owed. Harvey, 453 F.3d at 331. In Harvey, the court concluded that the defendant filing a state court suit without enough documentation was not of the nature of actions deemed deceptive and therefore, the plaintiff did not state a claim upon which relief could be granted under § 1692e(10). Id. Furthermore, the Harvey court determined that the plaintiff had not alleged a claim under § 1692e generally because the plaintiff "did not allege that [defendants] attached a false document to the... complaint, nor even that [their] claims regarding the debt were false." Id. (quotations omitted). See also Williams v. Javitch, Block, & Rathbone, 480 F. Supp. 2d 1016, 1022-23 (S.D. Ohio 2007) (finding that the plaintiff had stated a claim under § 1692e(10) when he alleged the defendant law firm knew or should have known a state court collection suit was based on a false affidavit); Deere v. Javitch, Block & Rathbone, LLC., 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006) (court held no violation of §§ 1692e, 1692e(10) or1692f where defendant filed a debt collection lawsuit supported only by the client's affidavit attesting to the existence and amount of a debt and plaintiff did not allege that anything in the state court complaint was false, or that the complaint was baseless); Delawader v. Platinum Financial Services Corp., 443 F. Supp. 2d 942, 947-48 (S.D. Ohio 2005) (holding that allegations that a debt collector filed a complaint to collect a debt and attached an affidavit to the

complaint that allegedly misrepresented the amount of the debt or the debt collector's legal claim upon the debt stated a claim for violation of § 1692e(2)).

We find that the factual allegations set forth in Plaintiff's Complaint do not state a claim upon which relief can be granted under either § 1692e in general or § 1692e(2) or § 1692e(10) in particular. Initially, the only means Defendant Galloway is alleged to have used to collect the debt is the filing of a state court suit, an act which we find is not deceptive in nature. Furthermore, as in Harvey, Plaintiff does not allege that the document attached to the state court filing was false; he does not even deny owing the debt. He merely alleges that Defendant Galloway did not attach the proper documentation required to substantiate the amount owed. As stated in Deere, *supra*., "[plaintiff] essentially alleges that more of a paper trail should have been in the lawyer's hands or attached to the complaint. The FDCPA imposes no such obligation." Deere, 413 F.Supp.2d at 891. Defendant's Motion to Dismiss Plaintiff's claim against Defendant Galloway pursuant to 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) must be granted.

*3. Plaintiff's Claim against Defendant Galloway for Unfair or Unconscionable Means under 15 U.S.C. § 1692f*

Plaintiff's final claim against Defendant Galloway is that his conduct violated 15 U.S.C. § 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. Plaintiff relies specifically on § 1692f(1) which states that it is a violation of § 1692f to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). See F.T.C. v. Check Investors, Inc., 502 F.3d 159, 166 (3d Cir. 2007) ("The prohibition on unfair or unconscionable practices precludes a debt

collector from adding any charge to the underlying debt unless that charge is authorized by law or the agreement creating the debt."); Pollice v. National Tax Funding, L.P., 225 F. 3d 379, 408 (3d Cir. 2000) (finding that defendants violated § 1692f(1) by charging plaintiffs an interest rate in excess of the 10% authorized by Pennsylvania law and which was not clear in the agreement creating the debt); Gigli v. Palisades Collection, LLC., 2008 WL 3853295 *8 (M.D. Pa 2008) (holding that plaintiff had stated a claim that defendants attempted to collect an amount not authorized by an agreement in violation of § 1692f(1) when there was a genuine issue of material fact as to the interest rate agreed upon in her credit card agreement).

We find that the allegations set forth in Plaintiff's Complaint do not state a claim upon which relief can be granted under § 1692f because the allegations that Defendant Galloway filed the lawsuit against Plaintiff without obtaining and/or reviewing the documentation substantiating the debt buyer's right to judgment prior to filing the Complaint and that he continued the state court action against Plaintiff without providing detailed documentation substantiating the debt does not constitute the use of unfair or unconscionable means to collect or attempt to collect any debt. Further, Plaintiff does not allege, as required to state a claim under § 1692f(1), that the amount of money Defendant Galloway sought to collect from him was contrary to either the agreement that created the debt or the law. Defendant's Motion to Dismiss Plaintiff's claim against Defendant Galloway pursuant to 15 U.S.C. § 1692f is granted.

### D. Plaintiff's FDCPA claim against Fulton, Friedman, and Gullace, LLP.

Plaintiff contends that the conduct of Defendant Fulton, Friedman, and Gullace, LLP. with respect to him violated 15 U.S.C. §§ 1692d, 1692e, and 1692f. The sole allegations in the Complaint concerning the Defendant law firm are that: (1) "[n]otwithstanding his lack of

documentation substantiating any debt, on or about March 19, 2010, Defendant Galloway, having left his former employer Mann Bracken (insolvency) and now employed by Fulton, Friedman and Gullace, LLP, continued with the case by entering his appearance on behalf of Midland Funding, LLC;" and (2) "[o]nly within the last few days, Galloway withdrew the civil complaint filed against Plaintiff, but did so without prejudice, giving Midland Funding, LLC the option to file another civil complaint against Plaintiff for the disputed debt." Complaint, ¶¶ 22 and 24.

We find that even the "least sophisticated consumer" would not understand Fulton, Friedman, and Gullace's alleged conduct in the state court litigation, the filing of an appearance in a debt collection action in order to discontinue the case: (1) to be the engagement of "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" in violation of § 1692d; (2) to constitute the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of § 1692e; or (3) to constitute the use of "unfair or unconscionable means to collect or attempt to collect any debt" in violation of § 1692f. Defendant's Motion to Dismiss Plaintiff's claim against Defendant Fulton, Friedman, and Gullace must be granted.

## IV. Dismissal With or Without Prejudice

Once a court has decided to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008): "[w]e have instructed that if a claim is vulnerable to 12(b)(6)

dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Id. at 236.

Here, Defendants do not argue and it does not otherwise appear that allowing Plaintiff to amend his Complaint would be inequitable or futile. Accordingly, the Defendants' Motion to Dismiss Plaintiff's Complaint is granted without prejudice to Plaintiff to file an Amended Complaint no later than August 10, 2010 that states a claim against the Defendants pursuant to the FDCPA upon which relief can be granted.

**V. Defendants' request for sanctions against Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927**

Defendants also argue that Plaintiff brought this action for the purpose of harassment and should be sanctioned pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. §1927. Defendant's Brief in Support of Motion to Dismiss, p. 5. Defendants contend that Plaintiff has attempted to mislead the court as to the individual who signed the pleadings in the underlying state court case and that this lawsuit was brought without factual basis when Plaintiff learned that recovery from the appropriate party, Mann Bracken, was unlikely because the party was in receivership. Id.

In § 1692k(a)(3), the FDCPA provides a mechanism for sanctions against a plaintiff: "[o]n finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). A similar provision outlining counsel's liability for excessive costs is outlined in 28 U.S.C. § 1927 which states that, "[a]ny attorney... who so manipulates the proceedings in any case unreasonably and vexatiously

15

may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Defendants have not convinced this Court that Plaintiff brought this lawsuit in bad faith or for the purpose of harassment in violation of § 1692k(a)(3). See Parker v. Pressler & Pressler, LLP., 650 F. Supp. 2d 326, 347 (D. N.J. 2009) (court denied prevailing defendants' request for attorney fees in an FDCPA case stating: "[i]n light of the remedial purpose of the FDCPA, the Court construes this provision narrowly; as a practical matter it appears designed to thwart efforts of a consumer to abuse the statute and avoid responsibility to pay a legitimate debt."). Similarly, Defendants have not convinced us that the proceedings were manipulated unreasonably or vexatiously in violation of 28 U.S.C. § 1927. Accordingly, we decline to award attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927. Defendants' request for sanctions against Plaintiff is denied.

## VI. Conclusion.

For the reasons set forth above, Defendants' Motion to Dismiss is granted, but without prejudice for Plaintiff to file an Amended Complaint no later than August 10, 2010 that states an FDCPA claim against the defendants upon which relief can be granted. An appropriate Order follows.

July 27, 2010

*Maurice B. Cohill,* Jr.
Maurice B. Cohill, Jr.
Senior District Court Judge